**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RODNEY PERSON,

                Petitioner,                    Case.   No.   2:21-cv-10994

                                             Hon. Denise Page Hood

v.

MICHELLE FLOYD,

                Respondent.

_____/

## <u>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [ECF NO. 11] AND DISMISSING PETITION</u>

Petitioner Rodney Person, a state prisoner currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his Wayne County convictions and sentence for first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and larceny in a building, Mich. Comp. Laws § 750.360, for which he is serving prison terms of eleven to forty years, and five years, fourth months to eight years, respectively. Now before the Court is Respondent's motion to dismiss the petition as untimely. ECF No. 11.

The Court having now reviewed all pleadings, the motion is granted and the petition will be dismissed. An explanation follows.

## I.Background

Petitioner was convicted following a Wayne County Circuit Court jury

trial of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and

larceny in a building, Mich. Comp. Laws § 750.360. *People v. Person*, No.

335534, 2018 WL 2944196, at *1 (Mich. Ct. App. June 12, 2018). The

Michigan Court of Appeals summarized the facts of his case as follows:

> Defendant's convictions arise from the break-in and theft of
> property at a home in Detroit on June 5, 2016. The complainant
> arrived home and saw that her kitchen windows were broken.
> She heard a noise coming from the upper floor of the house, so
> she called 911. Officers Wilbur Medley and Karen Boudreaux
> were the first officers to arrive. Medley saw defendant emerge
> from a window on the rear side of the house. A second police
> unit, Officers Roger Salcedo and Marcus McClung, arrived as
> defendant ran from the house. The officers gave chase and
> apprehended defendant a short distance from the house.
> Medley searched defendant and found plastic bags containing
> coins, jewelry, and a book of trading stamps, which the
> complainant identified as items taken from her home.

*Id.* The court of appeals affirmed Petitioner's convictions and sentences,

*id.*, and the state supreme court denied leave to appeal. *People v. Person*,

503 Mich. 954 (2019) (Mem.).

Petitioner's direct appeal of his convictions and sentence in the state

courts ended on March 5, 2019, when the Michigan Supreme Court denied

his application for leave to appeal. *Id*. Petitioner's one-year limitations

period to file a habeas petition began to run on June 3, 2019, after the

expiration of the ninety days during which he could have filed a petition for certiorari at the United States Supreme Court. *See Scarber v. Palmer*, 808 F.3d 1093, 1095 (6th Cir. 2015) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000)). The deadline for Petitioner to file his habeas petition expired on June 3, 2020. *See Bronaugh*, 235 F.3d at 283 (citing *Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir. 2000); 28 U.S.C. § 2244(d)(1)(A)). Petitioner's application for a writ of habeas corpus was signed April 20, 2021, over ten months after that deadline.

Respondent argues the petition should be dismissed as untimely. Mot., ECF No. 11. In response, Petitioner asserts that he "contacted the court multiple times about the petition [he] filed on April 23, 2020." Letter, ECF No. 13, PageID.788. In support, his first exhibit is a typed letter to the Clerk of this Court dated June 16, 2020, noting that he placed his habeas petition in the mail on April 23, 2020, and inquiring whether it had been filed. *Id.* at PageID.789. Handwritten on the letter is the case number 20-11666. *Id.* The letter contains no markings indicating its receipt by this Court, nor does it reflect that it was docketed with a case.

Petitioner's next exhibit is a June 19, 2020, letter from the Clerk's office, noting that it had "not received the proper documents to file a Habeas case for Rodney Person." Case No. 21-10994, ECF No. 13,

PageID.791. Finally, Petitioner includes a letter from the Clerk's office dated September 23, 2020, which says, "[w]e have no case in our system for you. 20-11666 is for Henry Person. Please resend your petition and we will process it." *Id.* at 796.

In a response to this Court's order to show cause why the petition should not be dismissed as untimely, ECF No. 4, Petitioner submitted additional documents to prove a timely filing, including an April 23, 2020, disbursement authorization for legal mail. ECF No. 6, PageID.82. That document reflects a U.S. Postal Service tracking number that ends in 3889 72, for $10.55 in postage. *Id.* However, the tracking number on the envelope in which the petition, as it was received on May 3, 2021, ended in 0892 18. ECF No. 1, PageID.53. And the postage was only $9.90. *Id.*

The Court also notes that Petitioner signed and dated both his original petition and his brief in support "4/20/21." ECF No. 1, PageID.5, 45. His certificate of service includes the same date twice; however, on that document, the year was originally typed as 2020, but the second zero was overwritten by hand with a "1." *Id.* at PageID.52. Petitioner's application to proceed *in forma pauperis* is also dated 4/20/21, ECF No. 2, PageID.57, as is his motion for an evidentiary hearing. ECF No. 3, PageID.71.

4

## II.Discussion

The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified at 28 U.S.C. § 2241, *et seq*., includes a one-year

period of limitations for habeas petitions brought by prisoners challenging

state court judgments. As it applies to Petitioner's case, the statute

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . .

28 U.S.C. § 2244(d). A habeas petition filed outside the statutory time

period must be dismissed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419

(2005).

Having reviewed the pleadings, the Court finds that the habeas

petition is untimely, as it was filed in April 2021, several months after the

limitations period expired in June 2020. The Court finds most persuasive

the fact that Petitioner consistently signed the petition and accompanying

documents with the April 2021 date. Further, his attempts to back date the

petition's submission to April 2020 fail. The tracking and postage details of

Petitioner's legal mail disbursement authorization form, offered to indicate

he filed his habeas petition in April 2020, do not correspond to the information on the envelope in which his petition was sent in April 2021.

Granted, courts may excuse a petitioner's untimely filing under the concept of "equitable tolling," but "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).

In his response to the motion to dismiss, Petitioner provides exhibits reflecting correspondence with the Clerk's office of this Court. However, even if Petitioner attempted to file his original petition in April 2020, the Clerk's office in both June and September 2020 clearly informed him no habeas petition had been received on his behalf and that he must resubmit the petition. ECF No. 13, PageID.796.

Petitioner has failed to allege any extraordinary circumstances which caused him to file the instant petition after the expiration of the statute of limitations; nor has he argued he was diligent in seeking either state or federal post-conviction relief. Most notably, Petitioner provides no explanation for the delay between September 2020, when the Clerk's office instructed him to refile his habeas petition, to April 2021, when he finally resent the petition. Petitioner has thus failed to demonstrate the necessary

diligence for the Court to consider equitable tolling. In addition, although he had been informed by the Clerk's office that his purportedly timely habeas petition was never received or docketed by the Court, he made no attempt when filing his petition to draw that information to the Court's attention.

### III. Conclusion and Order

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely, and that Petitioner is not entitled to equitable tolling of the one-year limitations period. Accordingly, the Court **GRANTS** Respondent's motion to dismiss, ECF No. 11, and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason

would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id. In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Finally, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 29, 2022